**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AHMED SHAKER, | : | |
| Plaintiff, | : | Civil Action No. 11-7275 (MAS) (DEA) |
| v. | : | |
| CORRECTIONAL CARE SOLUTIONS MEDICAL DEPARTMENT, *et al.*, | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Correctional Care Solutions' (improperly pled as Correctional Care Solutions Medical Department and C.C.S. Medical Advisor) ("Correctional Care") Motion to Dismiss or for Summary Judgment. (Def.'s Mot., ECF No. 30.) Plaintiff opposed the Motion. (Pl.'s Opp'n, ECF No. 31.) The Court conducted a video status conference on May 23, 2013. The Court has carefully considered the Parties' submissions and arguments. For good cause shown, Correctional Care's Motion for Summary Judgment is granted.

## I.    **BACKGROUND**

Plaintiff is a federal inmate currently incarcerated at Monmouth County Correctional Center. (Second Amended Complaint ("Compl.") 4, ECF No. 21.)[1] Plaintiff, a diabetic, asserts that he is "not receiving correct amounts of insulin." (*Id.* at 5.) Plaintiff further asserts that his

---

[1] As certain pages of Plaintiff's submissions do not contain page numbers, Plaintiff's Second Amended Complaint and attachments will be referenced by their ECF page numbers.

"diabetes is not controlled even by the lowest standards," he is "in a constant state of keto-acidosis" and his "right eye has been continueing [sic] bleeding and [his] vision where [sic] to the point of blindness." (*Id.* at 7.) Plaintiff's Second Amended Complaint asserts claims against Correctional Care, Dr. Stuart Green, Dr. Mark Hemmel and Freehold Otphalmology.[2]

Correctional Care seeks to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. Correctional Care alternatively moves for summary judgment.[3] Defendant argues that:

> The Inmate Handbook for Monmouth County Correctional Facility clearly sets forth the procedure and parameters for filing an administrative remedy . . . . The Handbook states that a prisoner must complete form ADM-67 and submit the form to the Program Captain within five days of the date of the occurrence of the incident. The inmate would receive a response from the Program Captain regarding the grievance. Should the inmate remain dissatisfied with the Program Captain's response the inmate could file an appeal. The inmate was required to submit a written request to the Warden regarding the nature of the grievance. The Warden was required to respond to the request within five (5) days and the Warden's decision was final. The Inmate Handbook clearly states that the administrative process is to be utilized before looking to the judicial system for relief. Plaintiff received a copy of the relevant Handbook and acknowledged receipt of same with his signature . . . . Based on the evidence, Plaintiff has never provided the administration of the prison with the opportunity to resolve Plaintiff's complaints as is required under the law. Having not given the prison officials any opportunity to address any perceived wrong, Plaintiff has failed to exhaust the administrative remedies available to him as required by law.

(Def.'s Mot. at 20-21) (internal citations omitted).

---

[2] Dr. Hemmel's motion for summary judgment for failure to provide an Affidavit of Merit is currently pending before the Court and will be addressed in a separate decision.

[3] In its Motion to Dismiss, Correctional Care asserts several *Bivens*-related arguments. Defendant did so because Plaintiff's Complaint alleged that the claims fell under *Bivens*. (Plaintiff checked off the "*Bivens*" box on the Complaint form.) (Compl. 3.) However, during the May 23, 2013 video status conference, counsel agreed that Plaintiff's claims would more properly fall under § 1983. Since the Court here will focus on Plaintiff's failure to exhaust administrative remedies, it need not reach Correctional Care's other arguments.

Plaintiff opposed Defendant's motion, stating:

I am aware of the Prison Litigation Reform Act 42 U.S.C. 1997 and the need to exhaust all administrative measures.  Please let me assure the court my claim is neither meritless, or frivolous.  The PLRA does <u>not</u> say 'a prisoner must exhaust all administrative remedies,' it clearly states 'a prisoner must exhaust all administrative remedies <u>available</u> to him.'  I contend that I did attempt administrative remedies, <u>and</u> was also denied certain of those remedies – therefore, they were not <u>available</u> to me.  (I will later detail.)

. . .

I wrote a letter to the warden of MCCI with my complaint as well as the Doctor at CCS.  The male nurse (who <u>no one</u> at CCS or MCCI will give me the name of) stated clearly to me, if I complained, filed a grievance or even signed up for 'sick call' again, I would be put into lock down jail solitary by the Corrections Officer's Captain.  They refused to give me his name.  I am being operated on my eyes by these same people.  I am in fear of their punishment or disfigurement any further on my eyesight.  I submit they have made any other administrative remedies <u>un</u>-available to me.

I also submit that my letter outlining these problems constitutes 'a fair notice standard for determining exhaustive measures' to the defendant. . . . I would be happy to list who I complained to and sent letters to as described in Jones v. Bock v. Overton (U.S. 2007) 127 S. Ct. 910, 549 U.S. 199 (U.S. 2007); 'If no written grievance is available, the inmate must plead with specificity how and when he exhausted the grievance procedures.'  I cannot do this if CCS and MCCI continue to hide the names of their staff and hide behind legal challenges while I have no representation.

(Pl.'s Opp'n 2-4, 6.)

## II.  LEGAL STANDARD AND ANALYSIS

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997c(a).

In order to exhaust administrative remedies, a prisoner must properly pursue all administrative remedies to their end. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). To determine whether a prisoner has exhausted administrative remedies, the Court must evaluate a prisoner's compliance with the prison administrative regulations governing inmate grievances. *Id.* at 226-27. A prisoner must bring a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance. *Id.* at 227. As such, if a prisoner has not pursued a grievance through each level of appeal available within the prison system, he has not exhausted all administrative remedies. *Id.* at 232. The Third Circuit observed in *Nyhuis v. Reno*, however, that an inmate may satisfy § 1997e(a) through substantial compliance. 204 F.3d 65 (3d Cir. 2000). "Without embellishing - for the case law in the area will have to develop - we note our understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77-8.

In the present case, the Monmouth County Correctional Facility Prison Inmate Handbook provided the procedures that inmates were required to follow in order to bring complaints to the attention of prison officials. Plaintiff concedes that he did not file an ADM-67 as required by the facility. In addition, Plaintiff did not submit any document to the Program Captain. Plaintiff asserts that he attempted but was denied certain administrative remedies. (Pl.'s Opp'n 2.) In addition, he argues that he sent correspondence to the warden and that his "letter outlining these

4

problems constitutes 'a fair notice standard for determining exhaustive measures' to the defendant." (*Id.*) Plaintiff's arguments are unavailing.

Plaintiff in this case failed to exhaust the administrative process offered by Monmouth County Correctional Center. In addition, Plaintiff did not substantially comply with administrative remedies. Plaintiff signed for receipt of the Handbook yet failed to follow its explicit policies. Plaintiff's assertion that he did not follow the procedures due to fear is not convincing. Rather, the Court finds the reasoning in *Di Giovanni v. New Jersey* persuasive. The *Di Giovanni* court stated:

> Plaintiff's claim that he did not completely exhaust his administrative remedies prior to bringing the instant lawsuit because he was in fear of retaliation for doing so is rejected. Exhaustion . . . is mandatory. General fears of retaliation are not an exception to the . . . exhaustion requirement. The facts that Plaintiff filed the instant lawsuit and admittedly filed various grievance forms related to other complaints after the incident in question . . . contradict Plaintiff's allegations of fear.

No. 04-2060 (JAP), 2006 U.S. Dist. Lexis 61688, at *6-7 (D.N.J. Aug. 29, 2006) (internal citations omitted), *aff'd*, 232 F. App'x 181, 182 (3d Cir. 2007). Here, the facts that Plaintiff filed the instant lawsuit and filed correspondence to outside agencies and individuals contradict Plaintiff's allegations of fear.

The Court is also not persuaded by Plaintiff's argument that his correspondence outlining his problems constitutes fair notice. Notably, Plaintiff submitted correspondence regarding his issues to agencies outside of the prison system. The motion papers reflect that on July 13, 2011, Plaintiff submitted correspondence to the Federal Public Defender.[4] (Compl. 8.) On September 14, 2011, Plaintiff submitted correspondence to Attorney General Anne Milgram. (Compl. 10.) In his correspondence, Plaintiff asked, "Can your office please get involved to help me in this

---

[4] On August 22, 2011, the Office of the Federal Public Defender advised Plaintiff that it is prohibited from representing clients in civil matters.

matter[?]"  (*Id.*)  Plaintiff's submission of correspondence to the Federal Public Defender's Office and to Attorney General Anne Milgram failed to provide the *prison* with the opportunity to review and address Plaintiff's grievances.  To find that this constitutes exhaustion, substantial or otherwise, would frustrate the purpose of the administrative exhaustion requirement. Moreover, Plaintiff conceded during the video status conference on May 23, 2013 that he did not notify the appropriate prison officials regarding his grievances.

Therefore, because Plaintiff failed to comply with the exhaustion requirements under the PLRA, and because there is no basis for excusing Plaintiff's failure, the Court finds that Correctional Care is entitled to summary judgment.

## III.   CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Correctional Care's Motion for Summary Judgment for failure to exhaust administrative remedies is granted.  An order consistent with this opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated:  June 28, 2013