**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AHMED SHAKER,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL CARE SOLUTIONS MEDICAL DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No. 11-7275 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Dr. Mark Heimmel's ("Dr. Heimmel" or "Defendant") Motion for Summary Judgment for failure to submit an Affidavit of Merit. (Def.'s Mot., ECF No. 43; Def.'s Moving Br., ECF No. 43-1.) Plaintiff filed correspondence on April 30, 2013, stating that incarceration prevented him from filing the affidavit. (Pl.'s Opp'n, ECF No. 47.) Finally, on May 23, 2013, the Court held a case management conference and discussed Plaintiff's failure to submit an Affidavit of Merit. The Court has carefully considered the Parties' submissions and arguments. For good cause shown, this action is dismissed for lack of diversity jurisdiction under 28 U.S.C. § 1332, and Dr. Heimmel's Motion for Summary Judgment is denied without prejudice.

## I. Background

Plaintiff is a federal inmate who was incarcerated at Monmouth County Correctional Center at the time that he filed this action. (Second Amended Complaint ("Compl.") 4, ECF No. 21.)[1] The initial Complaint named as Defendant Correctional Care Solutions, LLC (improperly pled as Correctional Care Solutions Medical Department and CCS Medical Advisor). (Compl., Caption, ¶ 4b, ECF No. 1.) Plaintiff is a diabetic who asserts that he was "not receiving correct amounts of insulin." (Compl., ECF No. 21 at 5.) Plaintiff further alleges that his "diabetes is not controlled even by the lowest standards," that he is "in a constant state of keto-acidosis", and that his "right eye has been continueing [sic] bleeding and [his] vision where [sic] to the point of blindness." (*Id.* at 7.)

Plaintiff amended his Complaint on or about October 11, 2012 to add new Defendants, Stewart Green, M.D. and Associated Retinal Consultants (improperly pled as Retina Vitreous Center) and Mark Heimmel, M.D. (*Id.*) Plaintiff alleges that these Defendants provided improper medical treatment for his diabetic condition and bleeding in his right eye. (*Id.* at 5, 7.)

On June 28, 2013, this Court granted summary judgment in favor of Defendant Correctional Care Solutions, LLC, on the ground that Plaintiff had failed to comply with the administrative exhaustion requirement under 42 U.S.C. § 1997c(a). *See also Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); (June 28, 2013 Memorandum Opinion and Order, ECF Nos. 52, 53.) The only remaining Defendants are Drs. Green and Heimmel against whom Plaintiff asserts a claim of medical malpractice or negligence.

---

[1] As certain pages of Plaintiff's submissions do not contain page numbers, Plaintiff's Second Amended Complaint and attachments will be referenced by their ECF page numbers.

Dr. Heimmel now seeks to summarily dismiss Plaintiff's Second Amended Complaint for failure to submit an Affidavit of Merit as required by statute. *See* N.J. Stat. Ann. § 2A:53A-27 (West 2004).

## II. Parties' Positions

Defendant asserts that Plaintiff failed to file an Affidavit of Merit pursuant to New Jersey's Affidavit of Merit statute. (Def.'s Mot. 4.) According to Defendant, Plaintiff's complaint must be dismissed with prejudice because Plaintiff failed to supply the affidavit of an appropriate, qualified licensed individual with qualifications in the Defendant's sub-specialty within 60 days of the moving Defendant's answer to the complaint. (*Id.* at 6.)

In his April 30, 2013 correspondence to the Court, Plaintiff acknowledged that he did not file an Affidavit of Merit. (Pl.'s Opp'n.) Plaintiff further stated that incarceration prevented him from filing the affidavit. (*Id.*)

This Court further notes that Plaintiff is proceeding *pro se* in this matter. In the preliminary stage of this litigation, before service was effected, answers filed, and the Complaint was amended to include Drs. Green and Heimmel, the Honorable Douglas E. Arpert, United States Magistrate Judge denied Plaintiff's application for appointment of counsel. (ECF No. 10.)

## III. Legal Standard & Analysis

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-

77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should only be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48.

New Jersey statutory law provides a clear framework for submission of affidavits of merit in medical malpractice actions. Specifically:

> In any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27. In addition, failure to comply with the requirements of the statute "shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29.

Here, Plaintiff acknowledged his failure to file an Affidavit of Merit. However, when the initial Complaint was filed, Plaintiff named only Defendant Correctional Care Solutions, asserting a denial of medical claim in violation of the Eighth Amendment. Plaintiff later amended his Complaint in August 2012, to allege a claim of medical malpractice against new Defendants, Dr. Green and Dr. Heimmel. Moreover, during the May 23, 2013 video status conference, before ruling on the summary judgment motion by Correctional Care Solutions, the

Court raised the issue of the proper characterization of Plaintiff's complaint because Plaintiff selected the "*Bivens*" box on the form complaint while the alleged facts tended to indicate a § 1983 action. In other words, although Plaintiff is a federal prisoner, he was housed temporarily in a state or local government facility during the events giving rise to this action. Regardless of the characterization of Plaintiff's complaint as setting forth § 1983 or *Bivens* claims, however, case law reflects that the New Jersey state statute requiring an Affidavit of Merit is inapplicable to both § 1983 and *Bivens* claims.

In *Seeward v. Integrity, Inc.*, the New Jersey Appellate Division held that "the affidavit of merit statute is not applicable to a § 1983 claim" because it would "place a state-constructed barrier between [a] plaintiff and his federal rights." 357 N.J. Super. 474, 484 (App. Div. 2003). A court in this District has found similarly, holding that "an Affidavit of Merit is not a prerequisite to state an Eighth Amendment claim." *Jackson v. Grondolsky*, No. 09-5619 (NLH), 2012 WL 960450, at *13 (D.N.J. 2012). Plaintiff's use of a federal-civil-rights-complaint form and his factual allegations indicate intent to articulate an Eighth Amendment violation. Therefore, if Plaintiff intended to file a § 1983 claim as opposed to a *Bivens* action, he is exempt from the Affidavit-of-Merit requirement.

However, even if Plaintiff intended to file a *Bivens* action as indicated on the complaint, the Supreme Court has concluded that rules governing § 1983 claims should apply to *Bivens* jurisprudence. *Butz v. Economou*, 438 U.S. 478, 499 (2000). Specifically, the Court has established that federal prison employees should be subject to the same "zone of protection" as state prison employees. *Butz*, 438 U.S. at 499. Plaintiff, therefore, would not be subject to the Affidavit-of-Merit requirement under a *Bivens* action.

Nevertheless, the *Bivens* or § 1983 claim regarding the denial of medical care, as asserted against Correctional Care Solutions is no longer in controversy here because the Court has granted summary judgment to that Defendant. Now the only remaining claim in this action is a claim of medical negligence or malpractice against Defendants Dr. Green and Dr. Heimmel. However, an inmate's disagreement with medical professionals concerning the proper medical treatment or a claim of medical negligence does not constitute an Eighth Amendment violation. *See Pierce v. Pitkins*, No. 12–4083, 2013 WL 1397800, *1 (3d Cir. Apr. 8, 2013) ("Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.") (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Thus, Plaintiff's claim of medical malpractice is not actionable under § 1983 and/or *Bivens*, and there is no federal question jurisdiction under 28 U.S.C. § 1331.

Rather, for Plaintiff's state or common law claim of medical malpractice to proceed, federal jurisdiction must be premised on diversity jurisdiction under 28 U.S.C. § 1332. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" *Gay v. Unipack, Inc.*, Civil No. 10–6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted). Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity- *i.e.*, where the plaintiff and any defendant are citizens of the same state. *Schneller*, 387 F. App'x at 292 (affirming district court's

determination that it lacked diversity jurisdiction where plaintiff and eleven defendants were citizens of the same state).

"The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction." *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) . Specifically with respect to individuals,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual ....

*McCracken v. Murphy*, 328 F.Supp.2d 530, 532 (E.D.Pa. 2004) (citations omitted), *aff'd*, 129 F. App'x 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken*, 328 F.Supp.2d at 532 (citing *Flanagan v. Shively*, 783 F. Supp. 922, 935 (E.D.Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992)).

Here, Plaintiff has alleged no facts that would permit this Court to determine his citizenship. Thus, he has failed to allege sufficient facts to permit any state-law claims to proceed based upon diversity jurisdiction. This finding generally would not affect this Court's ability to exercise supplemental or pendent jurisdiction over the state-law medical malpractice claim under 28 U.S.C. § 1367(a). However, Plaintiff's claim of medical malpractice involves allegedly improper treatment rendered by Dr. Green and Dr. Heimmel in 2012, that is not related to Plaintiff's Eighth Amendment denial of medical care claim asserted against Correctional Care Solutions, now dismissed from this action. Accordingly, this Court declines to exercise

supplemental jurisdiction over this medical malpractice claim pursuant to 28 U.S.C. § 1367(c) (3).

Therefore, this action is dismissed without prejudice to Plaintiff bringing his medical malpractice claim in state court.[2] Alternatively, this action is dismissed without prejudice to Plaintiff filing a motion to re-open this case to the extent he can assert facts to establish diversity jurisdiction. Defendant's motion for summary judgment is denied as moot.[3]

## IV. <u>Conclusion</u>

For the reasons set forth above, and for other good cause shown, it is hereby ordered that this action is dismissed without prejudice, and that Dr. Mark Heimmel's Motion for Summary Judgment for failure to file an Affidavit of Merit is denied as moot. An order consistent with this opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 10/21, 2013

---

[2] Plaintiff should note that, under 28 U.S.C. § 1367(d), the statute of limitations for his medical malpractice claim is tolled while the claim is pending in federal court and for a period of 30 days after it is dismissed, unless State law provides for a longer tolling period.

[3] Dr. Heimmel's Motion to Dismiss for Failure to Make Discovery (ECF No. 44) is also pending in this case. The Court likewise denies the Motion as moot. The Court further notes, however, that the motion was premature as no scheduling order had been entered in this matter regarding discovery deadlines.