<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AHMED SHAKER, | : | Civil Action No. 11-7275 (MAS) |
| Plaintiff, | : | |
| v. | : | OPINION |
| C.C.S. MEDICAL ADVISOR, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

      AHMED SHAKER, Plaintiff <u>pro se</u>
      #204041 SF-4B
      York County Prison
      3400 Concord Road
      York, Pennsylvania 17402

**SHIPP**, District Judge

      This matter is before the Court upon the motion of Plaintiff Ahmed Shaker ("Plaintiff") to re-open his case (ECF Nos. 58, 59), which was dismissed without prejudice in this Court's October 23, 2013 Opinion and Order. (ECF Nos. 56, 57.) Defendants, Correct Care Solutions LLC ("CCS") (incorrectly pled as Correctional Care Solutions Medical Department) and Mark Heimmel, M.D., filed opposition to Plaintiff's motion. (ECF Nos. 60, 61.) The motion is decided on the papers, without oral argument, pursuant to *Federal Rule of Civil Procedure* 78. For the reasons set forth below, the Court concludes that Plaintiff's motion should be granted in part as to Plaintiff's claim against Defendants Mark Heimmel, M.D. and Stewart Green, M.D.

I. BACKGROUND

Plaintiff is a federal inmate presently confined at the York County Prison in York, Pennsylvania. On or about December 16, 2011, Plaintiff filed a civil complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant, Correctional Care Solutions Medical Advisor, while Plaintiff was incarcerated at Monmouth County Correctional Center in Freehold, New Jersey. The lawsuit alleged that Defendant did not provide proper medical care for Plaintiff's diabetes and related vision problems, that Defendant did not provide correct amount of insulin, and that Defendant ignored several requests for medical care for Plaintiff's bleeding eye. (ECF No. 1, Complaint.) Plaintiff thereafter filed several amended Complaints adding new parties, namely, Correctional Care Solutions Medical Department, Stewart Green, M.D., (see ECF No. 14, Amended Compl.), and Mark Heimmel, M.D.[1] (ECF No. 21, Second Amended Compl.) The Second Amended Complaint alleges that Plaintiff is a diabetic, and that he is "not receiving correct amounts of insulin." (*Id.* at 5.) Plaintiff further asserts that his "diabetes is not controlled even by the lowest standards," he is "in a constant state of ketoacidosis" and his "right eye has been continueing [sic] bleeding and [his] vision where [sic] to the point of blindness." (*Id.* at 7.)

On June 28, 2013, this Court issued an Opinion and Order granting Defendant CCS's motion for summary judgment, finding that Plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). (ECF Nos. 52, 53.) On October 23, 2013, the Court dismissed the action in its entirety, for lack of diversity jurisdiction under 28 U.S.C. § 1332, because the only remaining claim against Defendants Drs. Green and Heimmel was based

---

[1] Dr. Green is employed at the Retina Vitreous Center, and Dr. Heimmel is employed at Freehold Opthamology. (ECF No. 21, Second Amended Complaint at 1.)

2

on allegations of medical negligence, which are not cognizable in an action under 42 U.S.C. § 1983 or *Bivens*. The Court observed that Plaintiff's medical malpractice claims involved events in 2012, unrelated to the Eighth Amendment denial of medical care claim asserted against Defendant CCS, who already had been dismissed from the case. Thus, the Court declined to exercise supplemental jurisdiction over the medical malpractice claim pursuant to 28 U.S.C. 1367(c)(3). (ECF Nos. 56, Oct. 23, 2013 Op. at 7-8.) However, the dismissal was without prejudice to Plaintiff filing a motion to re-open to assert the necessary facts to establish diversity jurisdiction under § 1332. (*Id.* at 8.)

On November 4, 2013 and November 12, 2013, Plaintiff filed a motion to re-open his case, asserting facts concerning diversity jurisdiction. Namely, Plaintiff states that prior to his arrest, he was living in Brooklyn, New York. He also alleges that he is an immigration detainee now awaiting deportation, and that he is an Egyptian native and citizen. (ECF No. 58.)

## II. DISCUSSION

### A. As to CCS Defendant

Counsel for Defendant CCS argues that Plaintiff's motion is properly characterized as a motion for reconsideration of the Court's June 28, 2013 Order, which had granted summary judgment on behalf of Defendant for Plaintiff's failure to exhaust administrative remedies. (ECF No. 60.) Local Civil Rule 7.1(i), governing motions for reconsideration, states that the Court *may* deny a motion for reconsideration if it is filed beyond the 10 days from the entry of the order or judgment at issue. In this case, argues Defendant CCS, the Court granted summary judgment in Defendant's favor on June 28, 2013, and Plaintiff waited more than four months to file his motion "for reconsideration." (ECF No. 60 at 2.)

3

Defendant further argues that Plaintiff fails to allege any substantive basis for reconsideration of the Court's judgment. Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996). "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Leja v. Schmidt Mfg., Inc.*, 743 F.Supp.2d 444, 456 (D.N.J. 2010) (citation omitted); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted).

It is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly." *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005); *Tehan v. Disab. Mgmt. Servs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See, Lazardis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08-1753 (JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

The moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.")

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, --- F. Supp.2d ----, 2013 WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998).

Here, Plaintiff makes no argument with respect to this Court's Order granting summary judgment in favor of Defendant CCS. He merely provides facts concerning his domicile before he was imprisoned with respect to the issue of diversity jurisdiction as it pertains to Plaintiff's medical malpractice claim against Dr. Heimmel and Dr. Green. Moreover, this Court previously found no basis for excusing Plaintiff's failure to exhaust his administrative remedies before filing his federal lawsuit, and Plaintiff's inability to rebut this failure in the instant motion to re-open is

fatal to his case, which cannot now be revived as to Defendant CCS. Accordingly, reconsideration is not warranted, and Plaintiff's motion to re-open the case with respect to Defendant CCS is denied for lack of merit.

B. As to Defendant Dr. Heimmel and Dr. Green

Defendant Dr. Heimmel opposes Plaintiff's motion to re-open on the ground that Plaintiff has not presented the Court with "newly discovered evidence" necessary to provide relief from the Court's October 23, 2013 Order, pursuant to Fed.R.Civ.P. 60(b)(2). In particular, Dr. Heimmel argues that Plaintiff's domicile before his incarceration was known to Plaintiff when he filed this action and during the pendency of the case, and "[t]hus, Plaintiff cannot credibly argue that new information establishing diversity jurisdiction has emerged since the Court entered its order." (ECF No. 61 at 2.)

This Court finds no merit to Defendant's argument. Indeed, this Court expressly dismissed Plaintiff's medical malpractice claim *without prejudice* to Plaintiff filing a motion to re-open his case upon recitation of facts in support of diversity jurisdiction.[2] (ECF No. 56, Oct. 23, 2013 Op. at 8.) Therefore, this Court will grant Plaintiff's motion to re-open his case, but the re-opened action is limited to Plaintiff's medical malpractice claim against Defendants Dr. Heimmel and Dr. Green. Plaintiff has demonstrated diversity of citizenship sufficient to allow his claim to proceed at this time, pursuant to 28 U.S.C. § 1332(a).

---

[2] The Court also dismissed the action without prejudice to Plaintiff bringing his medical malpractice claim in state court. (ECF No. 56, Oct. 23, 2013 Op. at 8.)

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to re-open this action is denied with respect to Defendant CCS. However, the motion is granted with regard to Defendants Dr. Heimmel and Dr. Green, and the Clerk of the Court is directed to re-open this case accordingly. An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
United States District Judge

Dated: 5/20/14

7