<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AHMED SHAKER, | : | Civil Action No. 11-7275 (MAS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| C.C.S. MEDICAL ADVISOR, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

AHMED SHAKER, Plaintiff *pro se*
c/o Mindy Risi
32 Hillman Street
Clifton, New Jersey 07011

THOMAS J. HEAVEY, ESQ.
GROSSMAN, HEAVEY & HALPIN, P.C.
1608 Highway 88 West, Suite 200
Brick, New Jersey 08724
Counsel for Defendant Dr. Mark Heimmel

JOSEPH R. LANG, ESQ.
LENOX, SOCEY, WILGUS, FORMIDONI & CASEY, ESQS.
3131 Princeton Pike 1B
Trenton, New Jersey 08648
Counsel for Defendant Stewart Green

**SHIPP**, District Judge

This matter is before the Court upon the motion of Defendant Dr. Mark Heimmel for

summary judgment. (ECF No. 76.) The motion is decided on the papers, without oral argument,

pursuant to *Federal Rule of Civil Procedure* 78. For the reasons set forth below, the Court

concludes that Defendant's motion should be granted, and that the Complaint is dismissed with prejudice for Plaintiff's failure to file an Affidavit of Merit in support of his claim of medical negligence, as required under N.J.S.A. 2A:53A-27.

## I. BACKGROUND

On or about December 16, 2011, Plaintiff, Ahmed Shaker, filed a civil complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant, Correctional Care Solutions Medical Advisor, while Plaintiff was incarcerated at Monmouth County Correctional Center in Freehold, New Jersey. The lawsuit alleged that Defendant did not provide proper medical care for Plaintiff's diabetes and related vision problems, that Defendant did not provide correct amount of insulin, and that Defendant ignored several requests for medical care for Plaintiff's bleeding eye. (ECF No. 1, Complaint.) Plaintiff thereafter filed several amended Complaints adding new parties, namely, Correctional Care Solutions Medical Department ("CCS"), Stewart Green, M.D., (*see* ECF No. 14, Amended Compl.), and Mark Heimmel, M.D.[1] (ECF No. 21, Second Amended Compl.) The Second Amended Complaint alleges that Plaintiff is a diabetic, and that he is "not receiving correct amounts of insulin." (*Id.* at 5.) Plaintiff further asserts that his "diabetes is not controlled even by the lowest standards," he is "in a constant state of ketoacidosis" and his "right eye has been continueing [sic] bleeding and [his] vision where [sic] to the point of blindness." (*Id.* at 7.)

On June 28, 2013, this Court issued an Opinion and Order granting Defendant CCS's motion for summary judgment, finding that Plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). (ECF Nos. 52, 53.) On October 23, 2013, the

---

[1] Dr. Green is employed at the Retina Vitreous Center, and Dr. Heimmel is employed at Freehold Opthamology. (ECF No. 21, Second Amended Complaint at 1.)

Court dismissed the action in its entirety, for lack of diversity jurisdiction under 28 U.S.C. §

1332, because the only remaining claim against Defendants Drs. Green and Heimmel was based

on allegations of medical negligence, which are not cognizable in an action under 42 U.S.C. §

1983 or *Bivens*.  The Court observed that Plaintiff's medical malpractice claims involved events

in 2012, unrelated to the Eighth Amendment denial of medical care claim asserted against

Defendant CCS, who already had been dismissed from the case.  Thus, the Court declined to

exercise supplemental jurisdiction over the medical malpractice claim pursuant to 28 U.S.C.

1367(c)(3).   (ECF Nos. 56, Oct. 23, 2013 Op. at 7-8.)   However, the dismissal was without

prejudice to Plaintiff filing a motion to re-open to assert the necessary facts to establish diversity

jurisdiction under § 1332.  (*Id.* at 8.)

On November 4, 2013 and November 12, 2013, Plaintiff filed a motion to re-open his

case, asserting facts concerning diversity jurisdiction.[2]   (ECF No. 58.)  In an Opinion and Order

entered on May 20, 2014, this Court granted Plaintiff's motion to re-open this action, limited to

his claim of medical negligence against Defendants Dr. Heimmel and Dr. Green.  (ECF Nos. 73,

74.)

Thereafter, on June 26, 2014, Defendant Dr. Heimmel filed a motion for summary

judgment.  (ECF No. 76.)  Defendant argues that no Affidavit of Merit of a qualified licensed

physician in Defendant's field has been filed by Plaintiff, as required under N.J.S.A 2A:53A-27

with regard to actions asserting claims of medical malpractice or negligence.  Specifically, Dr.

Heimmel states that, on December 20, 2012, he filed an Answer to Plaintiff's Second Amended

Complaint that included a demand for Plaintiff to produce an Affidavit of Merit, as required

---

[2] Namely, Plaintiff alleged that prior to his arrest, he was living in Brooklyn, New York, and that
he is an Egyptian native and citizen awaiting deportation from the United States.

under the statute, within 60 days. (ECF No. 33.) Plaintiff failed to do so within the 60-day time period. A 60-day extension to file an Affidavit of Merit is permitted under the statute, but only one such extension may be granted. *See* N.J.S.A. 2A:53A-27. Plaintiff also failed to provide an Affidavit of Merit within that 60-day extension period. Accordingly, Defendant asks that summary judgment be granted and the Complaint be dismissed under N.J.S.A. 2A:53A-29. (ECF No. 76, Def. Brief at 3.)

Defendant's counsel attempted to serve a copy of the motion papers on Plaintiff, but was informed that Plaintiff had been released from York County Prison, and that Plaintiff was no longer in immigration custody. Plaintiff failed to provide the Court with a forwarding address upon his release from prison as required under Local Civil Rule 10.1(a). On August 21, 2014 and September 24, 2014, however, Plaintiff informed the Court of his new address. (ECF Nos. 81, 82.) Plaintiff has not filed any response or opposition to Defendant's motion for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits ... or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed.R.Civ.P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276– 77 (3d Cir. 2002) (internal quotations omitted). "When the moving party has the burden of proof

at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must

show that, on all the essential elements of its case on which it bears the burden of proof at trial,

no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d

Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th

Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof

... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the

district court—that there is an absence of evidence to support the nonmoving party's case."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary

judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.

1990). Rather, the court must determine whether the unopposed motion for summary judgment

"has been properly made and supported." *Williams v. Murray, Inc.*, Civil No. 12-2122, 2014 WL

3783878, *2 (D.N.J. Jul. 31, 2014) (citation omitted).

B. Affidavit of Merit

Defendant Dr. Heimmel asserts that this action must be dismissed because Plaintiff failed

to serve an Affidavit of Merit as required by N.J.S.A. 2A:53A–29 ("If the plaintiff fails to

provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be

deemed a failure to state a cause of action."). Specifically, this statute provides:

> In any action for damages for personal injuries, wrongful death or property damage
> resulting from an alleged act of malpractice or negligence by a licensed person in his
> profession or occupation, the plaintiff shall, within 60 days following the date of filing of
> the answer to the complaint by the defendant, provide each defendant with an affidavit of
> an appropriate licensed person that there exists a reasonable probability that the care, skill
> or knowledge exercised or exhibited in the treatment, practice or work that is the subject
> of the complaint, fell outside acceptable professional or occupational standards or

5

treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A–41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J.S.A. 2A:53A–27. However, under certain circumstances, a sworn statement by the plaintiff may be provided in lieu of an affidavit of merit. N.J.S.A. 2A:53A–28.[3]

The affidavit of merit statute therefore requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Incorporated*, 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "'to dispose of meritless malpractice claims early in the litigation'" and "'to allow meritorious claims to move forward unhindered.'" *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting *Burns v. Belafsky*, 166 N.J. 466, 766 A.2d 1095, 1099 (2001)). *See also Fontanel v. U.S.*, ——F.Supp.2d ——, 2014 WL 2608386, *2 (D.N.J. May 30, 2014). The affidavit of merit statute also requires that the affidavit be filed within sixty days of the answer, but permits an extension of time "not to exceed [sixty] days" for "good cause[.]" N.J.S.A. 2A:53A–27.

---

[3] N.J.S.A. 2A:53A–28 provides: "An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request."

Failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum–Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A–29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit). However, "four limited exceptions [,]" where applicable, excuse a plaintiff's failure to comply with the affidavit of merit statute. *Nuveen*, 692 F.3d at 305. The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii)" an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) " 'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

The Third Circuit has long recognized that a plaintiff's medical malpractice claim need not be dismissed with prejudice if the failure to file an affidavit of merit within the statutory time period was due to extraordinary circumstances. *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000). Such circumstances must be "exceptional and compelling"; they cannot arise out of an attorney's "mere carelessness or lack of proper diligence." *Id.*; *Allah v. MHSM, Inc.*, Civil No. 07–2916, 2008 WL 5115889, *3 (D.N.J. Dec.2, 2008). Additionally, the extraordinary circumstances inquiry requires the court to undertake a fact-sensitive, case-by-case analysis. *Mathis v. Pomerentze*, Civil No. 08–6129, 2012 WL 6152126 at*3 n. 7 (D.N.J. Dec. 11, 2012) (citing *Tischler v. Watts*, 177 N.J. 243, 827 A.2d 1036, 1038 (N.J.2003)).

Here, Plaintiff has failed to provide an Affidavit of Merit in this action  He also has not made any attempt to submit a response to the Defendant's demand for such an Affidavit, and he has failed to demonstrate any of the above exceptions, including extraordinary circumstances, to excuse this failure. Indeed, this is not the first motion filed by Defendant regarding Plaintiff's

7

failure to provide an Affidavit of Merit.  Defendant filed a similar motion in March 2013.[4]  (ECF No. 43.)  At that time, Plaintiff argued that his incarceration prevented him from obtaining an Affidavit of merit.  (ECF No. 45.)  Plaintiff has been released for many months now, and has made no attempt to comply with the statutory requirement.

Moreover, even if Plaintiff were to now file such an affidavit, it would be woefully late and unavailing.  A 60-day extension within which Plaintiff had to file his Affidavit of merit expired on April 19, 2013, a year and a half ago.  *See Douglass v. Obade*, 359 N.J. Super. 159, 819 A.2d 445 (affirming that the 120-day time period within which to file an Affidavit of Merit is a "drop dead date" after which it is too late to seek a further extension.)

## III.  CONCLUSION

For the reasons set forth above, Defendant Dr. Heimmel's motion for summary judgment (ECF No. 76) is granted, and the Complaint, which asserts a claim of medical negligence, is dismissed with prejudice, in its entirety, as against all named Defendants.  An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated:

_____
12/4/14

---

[4] This Court denied Dr. Heimmel's first motion for summary judgment as moot in an Opinion and Order issued on October 23, 2013, because the § 1983 claim against Correctional Care Solution was dismissed and the Court declined to exercise supplemental jurisdiction over the medical negligence claim against Drs. Heimmel and Green.  The Court did allow Plaintiff to file a motion to re-open the case if he could establish diversity jurisdiction. (*See* ECF No. 56, 57.)