UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED SHAKER, | : |
| Plaintiff, | : Civil Action No. 11-7275 (MAS) |
| v. | : **MEMORANDUM AND ORDER** |
| CORRECTIONAL CARE SOLUTIONS MEDICAL DEPARTMENT, et al., | : |
| Defendants. | : |

This matter having come before the Court by letter from *pro se* Plaintiff Ahmed Shaker, requesting to file an appeal out of time (ECF No. 89); it appearing that opposition has been filed, by and through counsel Elizabeth A. Wilson, Esq., by Defendant Dr. Mark Heimmel (ECF No. 91); it appearing that:

1. On December 4, 2014, the Court entered an order granting summary judgment for Defendant Dr. Mark Heimmel and dismissing the Complaint in its entirety against all named Defendants.

2. On January 9, 2015, Plaintiff filed a Notice of Appeal with the Court. (ECF No. 86.)

3. On February 13, 2015, Plaintiff filed the request to file an appeal out of time.

4. Under Fed. R. App. P. 4(a)(1)(A), Plaintiff was required to file a Notice of Appeal 30 days after entry of judgment, which would have been on January 5, 2015.

5. Under Fed. R. App. P. 4(a)(5)(A), the Court may extend the time to file a notice of appeal if a party moves to do so no later than 30 days after the deadline to file a Notice of Appeal, and shows excusable neglect or good cause. However, a tardy Notice of Appeal cannot be construed as a motion for extension of time. *Poole v. Family Ct. of New Castle Cnty.*, 368 F.3d 263, 269

(3d Cir. 2004) ("In conclusion, we hold that relief under both Appellate Rules 4(a)(5) and 4(a)(6) requires the filing of a motion, not just a notice of appeal").

6. Under Fed. R. App. P. 4(a)(6), the Court may reopen the time to file an appeal, but only if the Court finds that (1) the moving party did not receive notice of the entry of the judgment under Fed. R. Civ. P. 77(d) within 21 days after entry, and (2) a motion is filed within 180 days after the entry of judgment or within 14 days after the moving party receives notice of the entry of judgment, whichever is earlier. Since Plaintiff filed a Notice of Appeal on January 9, 2015, even if the Court construes that as meaning Plaintiff received notice of the entry of judgment on that date, the deadline to file a motion to reopen time to file an appeal has passed.[1]

Therefore, the Court, having considered the submissions of the parties and the record of this case, and for good cause shown,

IT IS on this 25th day of February, 2015,

**ORDERED** that Plaintiff's request to file an appeal out of time (ECF No. 89) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Michael A. Shipp, U.S.D.J.

---

[1] The Court notes that a case has been opened in the Third Circuit as a result of Plaintiff's Notice of Appeal. *See Shaker v. CCS Medical Advisor, et al.*, No. 15-1124 (3d Cir. opened Jan. 9, 2015). As such, Third Circuit may weigh in on Plaintiff's Notice of Appeal at a later date. However, this Court does not have authority to grant an extension under the facts of this case.